UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

FRANCISCO FERREIRA,

Defendant.

---

03-cr-604

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On February 11, 2011, Francisco Ferreira plead guilty to count one of a three-count indictment, which charged him with conspiracy to commit income tax evasion by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment and collection of corporate income taxes of Giselle Fashions, Inc. in violation of 18 U.S.C. § 371. The other two counts of the indictment were dismissed at the government's request at the sentencing hearing.

Ferreira was sentenced on August 24, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 14 and defendant's criminal history category to be category 1, yielding a guidelines range of imprisonment of between 15 and 21 months. The offense carried a maximum term of imprisonment of one year. 18 U.S.C. § 371. The guidelines range of fine was from $4,000 to $40,000. An order of restitution was mandatory. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1.

Ferreira was sentenced to time served and six months supervised release. A mandatory $25 special assessment was imposed. 18 U.S.C. § 3013. Restitution was ordered in the amount of $383,808 owed to the Internal Revenue Service for Taxes, to be assessed at five percent of the defendant's net income without interest if the payments are timely made to the Clerk of the Court. No fines are imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure

that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Conspiracy to commit tax evasion is a serious crime. Defendant and his co-conspirators significantly underreported the gross income of Giselle Fashions, Inc., using the money to pay their employees in cash, off the books. After learning that federal authorities were looking for him, defendant voluntarily returned from the Dominican Republic and turned himself in. Defendant has no previous criminal convictions. Defendant has a close relationship with his parents and siblings. He is the primary source financial support for his wife and four children. He is surrounded by supportive family and friends. He has always worked to support his family. A sentence of time served and six months of supervised release reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A)

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in conspiracy to commit tax evasion will result in jail time and government supervision. It is unlikely that defendant will engage in further criminal activity in light of his close ties to his family.

Jack B. Weinstein
Senior United States District Judge

Dated: August 24, 2011
Brooklyn, New York